Bailey *v.* Hearn.

State. I think, therefore, that the court below ruled correctly, and that the decree should be affirmed.

*E. Johnsten*, for appellant.

————•◦•————

## BAILEY *v.* HEARN.

Upon a proper showing where there are no intervening rights, in the exercise of a sound discretion, a court may open its own judgments and set them aside when improperly or wrongfully obtained. This discretion not interferred with by the Code.

APPEAL *from the Lee District Court.*

*Opinion by* KINNEY, J. Hearn having failed to plead, answer, or demur, a decree was entered against him at the April term, 1852. Before the next term of the court,·he filed a petition to open and set aside the decree. The petition was demurred to, the demurrer overruled, and the decree and judgment of the court of the preceding term ordered to be opened and set aside, and the cause set down for hearing. From this decision Bailey appealed.

An elaborate argument is submitted, and numerous authorities cited, to show that the district court exercised an unwarrantable power in setting aside the decree. Chapter 106 of the Code is also relied upon as containing sections at variance with the decision of the court. Unless strictly forbidden by statute, it is always a matter of discretion with the court to open its own judgments, and set them aside when improperly or wrongfully obtained. In doing this, courts should exercise a sound discretion, but the power to exercise such discretion, is undoubted upon proper showing, when there are no intervening rights. This power, we do not think, is wrested from the courts in cases like the one before us.

Code § 1853, provides that "when the proceedings are of an equitable character the court, upon reading the pleadings and proof, and hearing the testimony offered, shall render such judgment as is consistent with the rules heretofore observed in chancery cases." This section is applicable to all proceedings in chancery, whether it be when the cases are originally presented on their broad merits, or upon pleadings and proof to set the judgments aside.

We are strengthened in our view of the construction of this section, from the fact that the chapter is entitled "judgment by default," and this is the only section upon the subject of equity practice. The right of a court over its own judgments, to correct the injustice which is often done to a defaulting defendant, in chancery cases, we think is not interferred with by the Code. Such right is almost indispensable, for the administration of justice, and, unless taken away by plain and express provision of statute, attaches to the court as an inherent and necessary power. It will be observed that the judgment defendant in this case did not sleep upon his rights, or delay his application to set the the judgment aside. His petition was filed soon after the term at which the judgment was obtained, and the first term thereafter the judgment was opened and set aside, and the defendant allowed to make his defence. Having stated that the court had the power to do this, and that it is an inherent and necessary discretion, we have only to look into the facts, and ascertain whether they justify the action of the court. These facts it is unnecessary to review, but after the most careful examination, we are free to say that the petitioner made out a strong case, and such an one as clearly showed that the judgment, if permitted to stand, would operate greatly to the prejudice of his rights.

We therefore conclude that the court did not err in the decision.

Judgment affirmed.

*Rankin & Love*, for appellant.
*Reeves & Miller*, for appellee.